DETERMINED IN THE

# Supreme Court of Judicature,

OF THE

## STATE OF NEW JERSEY,

AT NOVEMBER TERM, 1822.

---

SAMUEL STEPHENS *against* JOHN BACON and HANNAH, his wife.

IN ERROR.

Where A., as the attorney in fact of B., receives money in which C. has the beneficiary interest, C. cannot maintain an action against A. for the money so received; but must sue B. the principal. A mere agent, without suggestion of fraud, is answerable only to his principal.

---

This was an action of assumpsit, commenced in the Common Pleas of Morris county. On the return of the writ, and before any pleadings had been filed by the parties, a rule of reference was entered into by consent, and all matters in difference referred to the final end and determination of three referees. The referees reported to the Court of Common Pleas, that there was due from the defendant (Samuel Stephens) to the plaintiffs (John Bacon and Hannah, his

1

wife) the sum of $——. A rule to shew cause why the report of the referees should not be set aside, was then obtained by Stephens, the defendant; and a statement of the case was agreed upon by the attorneys of the respective parties. The Court of Common Pleas, after argument, dismissed the rule to shew cause, and ordered judgment final on the report. The defendant, Stephens, then brought his writ of error, returnable to this court, in the term of May, 1820; and the statement of the case, brought up with the writ of error, and agreed on by the counsel, was as follows:

*2] *The plaintiffs below (Bacon and wife, in support of their claim before the referees,) proved, "That Hannah Bacon, one of the plaintiffs, was the daughter of Robert Culver, late of Morris county, deceased. That the decedent had in his hands, previous to his death, a large sum of money, which he said was for the plaintiffs, who lived in Canada; and that he managed the same for them. That a part of this money was put out by said decedent, Robert Culver, to one Joseph Culver, who gave his note for the same to the said Robert. That the decedent had told the said Joseph, at the time, that the money must be paid whenever the plaintiffs came for it. It was further proved, that the said Robert Culver left a will, which was regularly proved by Martha Culver, his widow, who was appointed the sole executrix; and to whom the whole of the personal property of said testator was bequeathed, during her life or widowhood. That the executrix afterwards brought a suit against said Joseph Culver, for the recovery of the money due on the said note. That the said Samuel Stephens, the defendant, received the said money to his own use, by giving up to said Joseph Culver the said note, so sued on as aforesaid, on his (the said Joseph's) paying off a certain debt of the said defendant, to the same amount or thereabout. The plaintiffs proved a demand on the defendant, before suit brought, for this and other money, which they alleged to be due to them from defendant.

" The defendant proved, that the executrix was an aged woman, incapable of transacting the business of the estate; and that she had appointed him, the defendant, her agent and attorney in fact, to manage her business, as executrix aforesaid; and produced before the referees a regular letter of attorney, proving the appointment; which was previous to the receipt of the said money, by the said defendant, from the said Joseph Culver. It appeared, that the defendant was son-in-law of the executrix, and that they resided in the same house.

" If the court have power, by law, to examine into the report, with reference to the facts, as here stated; and should be of opinion that the evidence was properly received by the referees, and that an action can legally be maintained by the plaintiffs against the defendants, under the evidence aforesaid, then the report is to be confirmed, and judgment entered thereon, with costs. If the court should be of a different opinion, then the said *report is to be set aside, and for [*3 nothing holden; and costs to be paid by the plaintiffs to the defendant, to be taxed, in either case, according to law."

*Vroom* and *Hornblower*, for plaintiff in error, urged several reasons for reversing the judgment of Common Pleas, and setting aside the award. But as only one of these reasons was relied upon by the court, in giving their opinion, it is thought unnecessary to notice the others. They contended, that no action could be maintained by Bacon and wife against Stephens, the defendant below, who was a mere attorney in fact, or agent, of Martha Culver, the executrix. That the action ought to have been brought against the principal, Martha Culver, the executrix. That to make Stephens liable to the plaintiffs would be to make an agent liable to two principals; for if his principal, the executrix, were to prosecute him for the money received as her agent, he could not set up this judgment obtained against him by Bacon and wife, in bar to her recovery; for,

as to her, it would be *res inter alios arcta*, and therefore, if this action could be maintained, he might be compelled to pay the money twice, and cited *Tripler* v. *Olcott & Lord*, 3 *John. Ch. Rep.* 473, 478; *Clavering's case, Prec. in Chan.* 535, *case* 331; *Pond* v. *Underwood*, 2 *Ld. Ray*, 1210; 4 *Bur.* 1984.

*Miller* and *Frelinghuysen*, attorney-general, contra, said, it was a general rule, that whoever received the money of another was bound to pay it over to the person who was entitled to receive it; that though Robert Culver, deceased, was the nominal owner, yet that Bacon and wife were the real owners of this money; that courts of law, as well as of equity, would take notice of the person having the beneficiary interest, as that a plaintiff, the nominal obligee in a bond, was not the real owner of it, but merely a trustee for another. 1 *Term Rep.* 622; *Rudge* v. *Birch.* So in *Bottomley* v. *Brook, ib.* 619; 4 *Term. Rep.* 340; 1 *Bin.* 496; 2 *Cranch* 342; 1 *John. Ca.* 57, 63; *Gould's Esp. part II.* 59. That this court was therefore bound to recognize Bacon and wife as the real owners of this money; and consequently, Stephens was liable to them for it, unless he was shielded from liability by the fact that he received the money as the known agent of the executrix. But, they said, he could not avail himself of this defence, unless he *4] had paid over the money to his *principal, anterior to notice of the plaintiff's right to it. 2 *Comyn.* 23; *Cowper* 566, 806; *Stran.* 480; 3 *Esp. Rep.* 233; 4 *Bur.* 1984. That the defendant did not pretend that he had paid over the money of his principal, and therefore the fact of his receiving it as agent, was an unavailing defence.

*Per Curiam.* We are all of opinion that the award is unlawful, and must be set aside. That the defendant, Stephens, upon the case submitted, is not liable, either in law or equity. A mere agent, without suggestion of fraud, is answerable only to his principal. A bill in equity against

him, simply, would have been dismissed; so that admitting that an action on the case was as broad in every respect as a bill in equity, yet it would not have bettered the plaintiff's case.

Judgment reversed and report set aside.